UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT TOURNAHU, et al.,<br><br>  Plaintiffs,<br><br>v.<br><br>PEGGY FLYNN, et al.,<br><br>  Defendants. | Case No. 22-cv-03220-EMC<br><br>**ORDER RE SUPPLEMENTAL SUBMISSION** |

On June 10, 2022, the Court instructed that, "Before the City evicts any of the Plaintiffs from the Park, the City must make it best efforts, in good faith, to conduct outreach to each of Plaintiff, make a specific offer of shelter to each Plaintiff, **and make a specific offer to store the belongings of each Plaintiff. The City must document and maintain a record of its outreach efforts and offers to Plaintiffs**." Docket No. 22 at 2 (emphasis added).

Plaintiffs subsequently moved for an order to show cause why Defendants should not be held in contempt for, among other allegations, failure to offer and store the belongings of certain Plaintiffs. *See* Docket Nos. 29-42. The Court ordered Defendants to file a response to Plaintiffs' allegations and arguments, and instructed that "Defendants' response must include documentation of Defendants' outreach and offers, as previously ordered by the Court." *See* Docket No. 44. Defendants responded. *See* Docket No. 55. Defendants included as evidence the declaration of Lt. Nicholas McGowan, who declared that the Petaluma Police Department "met with every person who was onsite and informed them that they should let an officer know if they had property they would like PPD to store for safekeeping, and provided plastic bags for property." Docket No. 55-1 ¶ 9. Lt. McGowan declares that "[e]very item of property that was designated for storage by

any of the unsheltered community members of the Park was taken to storage by PPD; there was nothing that was designated for storage by any unsheltered community member that was not accepted by PPD for storage." *Id.* ¶ 10. Defendants also submitted 77 video files of bodycam footage purportedly documenting the interactions between Petaluma Police Department officers and residents of the Steamer Landing Encampment. Docket No. 55-1, Exh. C. Defendants contend that these videos demonstrate PPD's offers of storage to all residents of the encampment. Docket No. 55 at 6.

The Court finds it difficult to sort through Defendants' evidentiary submissions to ascertain whether a "specific offer to store the belongings of each Plaintiff" was made by Defendants. *See* Docket No. 22 at 2. Specifically, Plaintiffs Melody Thornton, Jorge Luis Gonzalez Vazquez, Matthew Irving, and Robert Tournahu submitted declarations suggesting that they did not receive meaningful offers of storage. *See* Docket Nos. 35, 36, 40, 41, 42.

Defendants, therefore, are **ORDERED** to provide the Court with a supplemental submission identifying or demonstrating its storage offers specifically as to those four Plaintiffs, per the Court's June 10, 2022 order. *See* Docket No. 22. If offers to these Plaintiffs are included in the bodycam video recordings, Defendants must identify which specific video files and the relevant timestamps for the Court to review. If the offers to these Plaintiffs are not included in the bodycam video recordings, Defendants must submit supplemental evidence that speaks to the specific offers made to these four Plaintiffs.

**Defendants' supplemental submission is due on August 4, 2022.**

**IT IS SO ORDERED**.

Dated: July 27, 2022

_____
EDWARD M. CHEN
United States District Judge