UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT TOURNAHU, et. al.,<br><br>Plaintiffs,<br><br>v.<br><br>PEGGY FLYNN, et. al.,<br><br>Defendants. | Case No. 22-cv-03220-EMC<br><br>**ORDER DENYING PLAINTFFS' MOTION FOR ORDER TO SHOW CAUSE AND REQUEST TO HOLD DEFENDANTS IN CONTEMPT**<br><br>Docket No. 29 |

## I.   INTRODUCTION

Plaintiffs are individuals who were previously residents of an encampment in Steamer Landing Park in Petaluma, CA. Plaintiffs filed this matter in June 2022 to seeking an extension of the Court's prior injunction in a related case, No. 21-cv-10027-EMC, or a new injunction prohibiting the City of Petaluma from evicting residents of the encampment. *See* Docket No. 1. The Court allowed the previous injunction to expire on June 13 and directed the City to conduct outreach to offer shelter and storage of personal belongings to Plaintiffs prior to evicting them. Docket No. 22. Thereafter, four Plaintiffs alleged that the City failed to make meaningful offers to them for storage of their personal belongings prior to evicting them, and moved the Court for an order to show cause why Defendants should not be held in contempt of court. *See* Docket Nos. 29, 35, 36, 39, 40, 41, 42.

Now pending is Plaintiffs' motion for order to show cause and request to hold Defendants in contempt. For the following reasons, the Court **DENIES** Plaintiffs' motion.

///

///

## II.     RELEVANT BACKGROUND

On June 10, 2022, the Court instructed that, "Before the City evicts any of the Plaintiffs from the Park, the City must make it best efforts, in good faith, to conduct outreach to each of Plaintiff, make a specific offer of shelter to each Plaintiff, and make a specific offer to store the belongings of each Plaintiff.  The City must document and maintain a record of its outreach efforts and offers to Plaintiffs."  Docket No. 22 at 2.

Plaintiffs subsequently moved for an order to show cause why Defendants should not be held in contempt for, among other allegations, failure to offer and store the belongings of certain Plaintiffs.  *See* Docket Nos. 29-42.  Specifically, Plaintiffs Melody Thornton, Jorge Luis Gonzalez Vazquez, Matthew Irving, and Robert Tournahu submitted declarations suggesting that they did not receive meaningful offers of storage.  *See* Docket Nos. 35, 36, 40, 41, 42.

The Court ordered Defendants to file a response to Plaintiffs' allegations and arguments, and instructed that "Defendants' response must include documentation of Defendants' outreach and offers, as previously ordered by the Court."  *See* Docket No. 44.  Defendants responded.  *See* Docket No. 55.  Defendants included as evidence the declaration of Lt. Nicholas McGowan, who declared that the Petaluma Police Department "met with every person who was onsite and informed them that they should let an officer know if they had property they would like PPD to store for safekeeping, and provided plastic bags for property."  Docket No. 55-1 ¶ 9.  Lt. McGowan declares that "[e]very item of property that was designated for storage by any of the unsheltered community members of the Park was taken to storage by PPD; there was nothing that was designated for storage by any unsheltered community member that was not accepted by PPD for storage."  *Id.* ¶ 10.  Defendants also submitted 77 video files of bodycam footage purportedly documenting the interactions between Petaluma Police Department officers and residents of the Steamer Landing Encampment.  Docket No. 55-1, Exh. C.  Defendants contend that these videos demonstrate PPD's offers of storage to all residents of the encampment.  Docket No. 55 at 6.

The Court found it difficult to sort through Defendants' evidentiary submissions to ascertain whether a "specific offer to store the belongings of each Plaintiff" was made by Defendants and ordered Defendants to provide a supplemental submission identifying or

2

1  demonstrating its storage offers specifically as to those four Plaintiffs. Docket No. 57.
2  Defendants timely responded and provided specific examples and citations to video evidence of
3  offers of storage that they made to Plaintiffs Jorge Luiz Gonzalez, Melody Thornton, and Matthew
4  Irving. *See* Docket No. 58 ("Suppl. Resp.") at 3-4. The reviewed the video footage and verified
5  Defendants' representations. Additionally, Defendants noted that, "Plaintiff Tournahu refused to
6  meet or speak with any City personnel on the day of the abatement (June 13, 2022). However,
7  Tournahu was advised of the option to store property during his appearance at the Court
8  proceedings on June 10, 2022, wherein the Court advised Plaintiffs that they would have the
9  opportunity to store property with the City and also advised the City to accept such personal
10 property for storage." *Id.* at 4.

11 Defendants also provided evidence that they repeatedly advised Plaintiffs' lay advocate,
12 Robbie Powelson, that Plaintiffs could mark and have the City store property. *Id.* at 4-5.
13 Defendants further provided video evidence of Petaluma police officers interacting with
14 encampment residents to identify, mark, organize and provide receipts for personal property to be
15 stored by the City for up to 90 days. *Id.* at 5 (citing Docket No. 55-1, Exh. 3,
16 SPECIAL_ASSIGNMENT_DETAIL-25.mp4). Finally, Defendants provided sworn declarations
17 from Petaluma Police Officers Estrella, McGowan, DeBaeke and Good, attesting to their efforts to
18 conduct outreach and provide offers of storage to *all* residents of the encampment who consented
19 to speak with them, including to Plaintiffs. *See* Docket Nos. 58-1, 58-2, 58-3, 58-4.

### III.  DISCUSSION

21 Civil contempt consists of a party's disobedience to a specific and definite court order by
22 failure to take all reasonable steps within the party's power to comply. *In re Dual-Deck Video*
23 *Cassette Recorder Antitrust Litig.*, 10 F.3d 693, 695 (9th Cir. 1993). A party should not be held in
24 contempt if his action "'appears to be based on a good faith and reasonable interpretation of the
25 [court's order].'" *Id.* (quoting *Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.*, 689 F.2d 885,
26 889 (9th Cir.1982)). "Substantial compliance with the court order is a defense to civil contempt,
27 and is not vitiated by a few technical violations where every reasonable effort has been made to
28 comply." *Id.* (citation omitted). The party alleging civil contempt must demonstrate that the

1  alleged contemnor violated the court's order by clear and convincing evidence.  *Id.*

2        Based on the Court's review of the evidence in the record, the Court concludes there is no

3  basis to require further proceedings as to Plaintiff's motion for order to show cause why

4  Defendants' should not be held in contempt based on Plaintiff's representations that Defendant did

5  not make meaningful offers of personal storage to four Plaintiffs.  To begin, the "specific and

6  definite court order" at issue is the Court's instruction to Defendants to "make it best efforts, in

7  good faith, to conduct outreach to each of Plaintiff, make a specific offer of shelter to each

8  Plaintiff, and make a specific offer to store the belongings of each Plaintiff."  *See* Docket No. 22.

9  The evidence submitted by Defendants, including extensive video evidence recording Defendants'

10  efforts to make offers of personal storage to *all* residents of the encampments, including Plaintiffs,

11  as well as video evidence of Defendants engaging in a collaborative process with encampment

12  residents to identify, mark, and provide receipts for property to be stored, demonstrates that

13  Defendants engaged in "good faith" to "make a specific offer to the store the belongings of each

14  Plaintiff."  *Id.*  The evidence shows that Defendants made specific offers to Plaintiffs Irving,

15  Gonzalez and Thornton.  Suppl. Resp. at 3-4.  Defendants represent that Plaintiff Tournahu

16  refused to engage with Defendants, and, therefore, Defendants could not make a personal offer to

17  him.  *Id.* at 4.  However, in light of this obstacle, Defendants presented evidence that they

18  interacted with Plaintiffs' advocate, Robbie Powelson, and made Mr. Powelson aware that the

19  City would store Plaintiffs' property.  Moreover, given Defendants' video evidence and sworn

20  representations that they made outreach efforts to store the personal belongings of *all* residents of

21  the encampment, not just Plaintiffs in this action, the Court has no reason to doubt Defendants'

22  representation that it attempted to make the same offer to Mr. Tournahu.  Thus, the Court finds

23  that Defendants are in, at least, substantial compliance with the Court's order, and, therefore, the

24  Court finds no basis hold Defendants in contempt.

25  ///

26  ///

27  ///

28  ///

4

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiffs' motion for order to show cause and request to hold Defendants in contempt.

This order disposes of Docket No. 29.

**IT IS SO ORDERED**.

Dated: August 5, 2022

_____
EDWARD M. CHEN
United States District Judge